UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **MERCELINO Z. SANCHEZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 7:24-CV-00287 |
| § | |
| **CAJUN OPERATING COMPANY** § | |
| **d/b/a CHURCH'S CHICKEN** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Extension of Time to Complete Discovery, (Dkt. No. 9), seeking a forty-five-day extension of the February 24, 2025, discovery deadline established in the Court's Scheduling Order, (Dkt. No. 8). After considering the filings, the record, and the applicable law, the Court **DENIES** the Motion.

### I.   BACKGROUND

This slip-and-fall case has been pending since May 9, 2024. (Dkt. No. 1-4). On October 9, 2024, the Court entered its Scheduling Order setting a discovery deadline of February 24, 2025. (Dkt. No. 8). Four days after the discovery deadline, Plaintiff Mercelino Z. Sanchez moved for a forty-five-day extension of the discovery deadline. (Dkt. No. 9). Defendant Cajun Operating Company d/b/a Church's Chicken ("Church's") opposes the extension. (Dkt. No. 12).

In his motion, Sanchez contends that the parties have "diligently and cooperatively engaged in written discovery." (Dkt. No. 9 at 1). But Sanchez asserts that additional time is "necessary to complete and conduct depositions of the Plaintiff, if

Defendant's counsel choses to take his deposition, and Defendant witnesses, if any." (*Id.*). He also says that the "[d]eposition of Plaintiff's treating doctor(s) is necessary." (*Id.*). Sanchez does not explain why he was unable to complete these depositions before February 24, 2025.

Church's disagrees that Sanchez has diligently engaged in written discovery, noting in its Response that while Church's has propounded interrogatories, requests for production, and requests for admission to Sanchez and received certain documents in return, Sanchez has not propounded any discovery upon Church's. (Dkt. No. 12 at 1). In fact, Church's contends that Sanchez has "failed to conduct any discovery whatsoever." (*Id.*). Church's also points out that Sanchez has not identified any specific defense witnesses he needs to depose and that Church's purported need to depose Sanchez and his treating doctor(s) is not a valid reason for *Sanchez* to seek an extension of the discovery deadline. (*Id.* at 2).

## II.   LEGAL STANDARD

Deadlines in a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., LLC,* 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n,* 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification;

2

(3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (cleaned up) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

"Experience shows that many more motions seeking modification of scheduling orders are denied than are granted . . . ." 6A Charles A. Wright et al., Federal Practice and Procedure § 1522.2 (3d ed.). "Thus, for example, the good-cause standard will not be satisfied if the court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Id.* (citing, among other cases, *Squyres*, 782 F.3d at 238). "Similarly, the failure to explain satisfactorily delays that led to the need for modification will result in a refusal to modify the order." *Id.* (citing, among other cases, *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

### III.   DISCUSSION

The Court finds that Sanchez has not shown good cause to extend the discovery deadline. Analyzing each of the four relevant factors confirms this conclusion.

First, Sanchez gives no adequate explanation for his failure to comply with the discovery deadline. His motion merely states that additional time is "necessary" for conducting depositions, without explaining why these depositions could not have been completed during the nearly five months between the issuance of the Scheduling Order and the discovery deadline. (Dkt. No. 9 at 1). This case has been pending since May 2024, (Dkt. No. 1-4), giving Sanchez ample opportunity to conduct the routine discovery he seeks. Sanchez's motion is silent regarding any concrete efforts he undertook to conduct discovery during the allotted time period. He has not identified any discovery notices

3

served, deposition scheduling attempts made, or other discovery initiatives that were pursued before the deadline. In short, Sanchez give the Court no reason to doubt Church's contention that Sanchez has "failed to conduct any discovery whatsoever." (Dkt. No. 12 at 1).

Second, Sanchez has not demonstrated the importance of the requested modification. He has not identified any specific defense witnesses he needs to depose, how their testimony would impact his case, or why he needs to depose his own treating doctor(s). His vague references to possible depositions—including depositions that Church's might choose to take of him, (Dkt. No. 9 at 1)—do not establish the importance of extending the discovery period.

Third, extending the discovery deadline would prejudice Church's. As Church's notes in its response, an extension would "only serve to delay the trial date and increase costs to the parties." (Dkt. No. 12 at 2). What's more, Church's has already spent time and resources filing a no-evidence summary-judgment motion. *Cf. Whitfield v. Wood Grp. PSN, Inc.*, No. 2:17-CV-17450, 2019 WL 4213412, at *2 (E.D. La. Sept. 5, 2019) ("Prejudice to defendant would be substantial because it already has filed its summary judgment motion and plaintiff has provided no explanation for how the additional discovery will create issues of material fact that would preclude summary judgment in this matter.").

Fourth, while a continuance might technically be available to cure any prejudice, a continuance is unwarranted given Sanchez's failure to establish good cause under the first three factors. In this Court, as in other courts in the Fifth Circuit, the "remedy of continuance to cure prejudice is seldomly exercised . . . in the absence of a strong showing

of diligence and importance." *Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00413, 2023 WL 2169025, at *2 (E.D. Tex. Feb. 21, 2023). Absent a compelling explanation for the delay and a strong showing that the sought-after discovery is important, the Court will not reward Sanchez's lack of diligence with a continuance.

In sum, Sanchez has not met his "burden of showing 'that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension.'" *Squyres*, 782 F.3d at 237 (quoting *Filgueira,* 734 F.3d at 422).

## IV.   CONCLUSION

For the reasons above, Plaintiff's Motion for Extension of Time to Complete Discovery, (Dkt. No. 9), is **DENIED**.

It is SO ORDERED.

Signed on March 10, 2025.

                                                                               */s/ Drew B. Tipton*

                                                               **DREW B. TIPTON**
                                           **UNITED STATES DISTRICT JUDGE**